IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MUJAHEED ABDUL QADIR and                )
ANISA BARADIA,                          )
                                        )
         Petitioners,                   )
                                        )
v.                                      )   Case No.   1:20cv391
                                        )
KIMBERLY ZANOTTI, et al.,               )
                                        )
         Respondents.                   )

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioners' and Respondents' Motions for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56.

Petitioners Qadir and Baradia are a married couple living in Virginia with permanent resident status in the United States. In 2016, they applied for naturalization. The U.S. Citizenship and Immigration Services ("USCIS") denied their applications because Qadir provided false employment information in a 2001 labor certificate application. After a de novo review of the evidence, the Court affirms that decision.

Both Qadir and Baradia are natives of Kenya. At age 18, Qadir immigrated to the United States on a student visa. He received a bachelor's degree in Computer Science in 2002 and a master's in Software Engineering in 2010, both from George Mason

University in Fairfax, Virginia. Trados/SDL sponsored Mr. Qadir's first work visa, which was valid from February 2004 to January 2007. SNL Financial sponsored his second work visa. Qadir applied for permanent resident status and was approved in May 2011.

Baradia and Qadir married on August 10, 2006. In May 2011, Baradia was granted permanent resident status as a derivative of Qadir's approval.

In 2001, while still a student at George Mason, Qadir hired the law firm of Samuel G. Kooritzky to help him find employment and immigration sponsorship. Kooritzky prepared immigration forms on Qadir's behalf, which Qadir signed as Koortizky instructed. Shortly thereafter, Kooritzky was convicted by this Court on fraud charges (among others) for preparing false alien employment certification applications with forged employer signatures. The issue presented in this case arises from one such application Kooritzky filed on Qadir's behalf.

Baradia and Qadir applied to become naturalized U.S. citizens in February 2016. During Qadir's naturalization interview in December 2017, USCIS confronted him with his 2001 Application for Alien Employment Certification ("ETA Form 750"), which contained false information about Qadir's potential employment and his work experience. Qadir acknowledged that the contents of that form were fabricated. USCIS Field Office

2

Director Kim Zanotti denied their applications for naturalization on December 14, 2017, reasoning,

> Unfortunately, by signing the ETA 750 and certifying that the information was correct [Qadir] made a material misrepresentation to the Department of Labor. At the time [Qadir was] granted Adjustment of Status on May 3, 2011 [Qadir was] inadmissible to the United States for providing information that was false in an attempt to gain an immigration benefit. . . . You have not demonstrated that you have been lawfully admitted for permanent residence and, therefore, are ineligible for naturalization.

Petitioners appealed their denied naturalization applications, and USCIS affirmed its denial in December 2019. Petitioners have appealed the USCIS decision to this Court pursuant to 8 U.S.C. § 1421(c), and both parties have filed motions for summary judgment.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the ultimate resolution of the case will preclude the entry of summary judgment. Id. at 248. Summary judgment is appropriate in this matter, as the parties agree there is no genuine dispute of material fact.

3

An alien who "has been lawfully admitted to the United States for permanent residence" is eligible to become a naturalized citizen. 8 U.S.C. § 1429. A petitioner's lawful permanent resident status must be "in accordance with all applicable" immigration laws. Id. The burden rests on the petitioner to show his eligibility for naturalization by a preponderance of the evidence. Id. The petitioner "must further demonstrate that the grant of that status was in substantive compliance with the immigration laws." Injeti v. U.S. Citizenship & Immigr. Servs., 737 F.3d 311, 316 (4th Cir. 2013) (internal quotations omitted). To demonstrate substantive compliance, petitioner must not be an "inadmissible alien" as defined by § 1182. See id. ("To be sure, [Petitioner] would not have been entitled to adjust her status to permanent resident had she been statutorily inadmissible."). "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States" is inadmissible. § 1182(a)(6)(C)(i).

In the present case, the Court must determine whether Qadir willfully misrepresented a material fact when he signed an ETA Form 750 that Kooritzy prepared and filed with the Department of Labor on Qadir's behalf. This ETA Form 750 falsely stated that Qadir was applying to be a cook at Shoney's Restaurants. It also

4

falsely stated that Qadir had years of prior work experience as a cook at Kabob Masala. Qadir admits the information contained on his ETA Form 750 was false and material to his effort to procure a visa. It therefore constitutes a material misrepresentation of fact as described by § 1182(a)(6)(C)(i).

The Court must then turn to the disputed issue of whether the misrepresentation was willful. "A misrepresentation is willful if it was deliberate and voluntary." Xing Yang Yang v. Holder, 770 F.3d 294, 303 (4th Cir. 2014). On April 11, 2001, at the instruction of his then-attorney, Kooritzky, Qadir signed the ETA Form 750 deliberately and voluntarily. Petitioners present no evidence of coercion or duress, so the fact that Qadir relied on Kooritzky's poor judgment is not relevant to determining that the misrepresentation was deliberate and voluntary.

The fact that Qadir made no attempt to review the form's contents before he signed is also irrelevant. While an applicant's signature establishes only a presumption that he is aware of the application's contents, "an alien may not deliberately avoid reading the application . . . in an attempt to circumvent the presumption." Matter of Valdez, 27 I. & N. Dec. 496, 499 (BIA 2018). Qadir asks the Court not to attribute to him the lies contained in that form because Qadir actively chose *not* to verify the contents of the form before signing.

5

Willful ignorance to the form's misrepresentations is not a valid defense. To entertain such argument would permit every alien to avoid the consequence of perjury if only he declines to review a form's contents. See Hanna v. Gonzales, 128 F. App'x 478 (6th Cir. 2005) ("[Petitioner's] failure to apprise himself of the contents of this important document constituted deliberate avoidance—an act the law generally does not recognize as a defense to misrepresentation.").

Further, the declarations on ETA Form 750 itself clearly anticipate and reject such a defense. The declaration just above Qadir's signature states, "Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct." Still, Qadir failed to take even cursory steps to ensure the accuracy of the document he was signing. See also 8 C.F.R. § 103.2(a)(2) ("By signing the benefit request, the applicant or petitioner, or parent or guardian certifies under penalty of perjury that the benefit request, and all evidence submitted with it, either at the time of filing or thereafter, is true and correct.").

Just below Qadir's signature, a declaration states, "I hereby designate the agent below [Kooritzky] to represent me for the purpose of labor certification and I take full responsibility for accuracy of any representations made by my agent." To permit Qadir now to claim ignorance of Kooritzky's

6

assertions would deprive these declarations of all meaning, an action the Court is unwilling to take. Qadir acted willfully when he deliberately and voluntarily signed the ETA Form 750 that misrepresented his potential employment and his employment experience.

Qadir's willful misrepresentations of material facts on ETA Form 750 made him inadmissible at the time USCIS adjusted his status to lawful permanent resident. See 8 U.S.C. § 1182(a)(6)(C)(i). He was not lawfully admitted for permanent residency and is thus ineligible for naturalization pursuant to § 1429.

Petitioners' immigration applications proceed hand-in-hand. For the reasons previously set forth, Qadir was not lawfully admitted for permanent residency. By extension, neither was Baradia. As a derivative applicant, Baradia's status as a permanent resident could only be approved if Qadir was found lawfully eligible for such status. Since the Court has found Qadir inadmissible at the time USCIS adjusted his status to permanent resident, Baradia's adjustment likewise was not in substantive compliance with immigration laws. Baradia is ineligible for naturalization pursuant to § 1429, as she was not lawfully admitted for permanent residency.

For the foregoing reasons, the USCIS decision to deny naturalization to both Qadir and Baradia was proper. Respondents

7

are entitled to summary judgment. An accompanying order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December  11 , 2020